## Homer W. Hall, Administrator, Plaintiff in Error, v. Corn Belt Bank, Defendant in Error.

### (Not to be reported in full.)

Error to the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Action by Thomas J. Bunn, plaintiff, against the Corn Belt Bank, defendant, for personal injuries resulting from a fall down an elevator shaft. To review a judgment for defendant, plaintiff sued out a writ of error. The plaintiff having died, Homer W. Hall was appointed as administrator and substituted as plaintiff in error on the appeal.

The negligence charged in the declaration was that defendant by its servant suddenly and negligently started its elevator in its office building while intestate was in the act of entering the elevator.

There were three eyewitnesses to the accident, viz.: Thomas J. Bunn, now deceased, the elevator man, and a young lady who was waiting to take the elevator. They all testified at the trial. The evidence tended strongly to show that when the deceased and the witness Miss Fenstemaker were standing on the main floor of the office building of defendant, the elevator man brought the elevator to that floor and in stopping did not succeed at first in bringing the floor of the elevator on a level with the floor of the building there; that he then called out to those there to wait a minute until he could bring the floor of the car to a level with the floor of the building; that when that was done, the deceased himself opened the door wide enough to permit him to enter the elevator, and attempted to do so; that as he did so he stumbled and the elevator man

put out his hand to assist him; that in doing so his other arm came in contact with the controller of the elevator and the elevator went upwards about four feet when the operator stopped it; that the deceased fell partly on the elevator floor and partly off, and then down the elevator shaft to the bottom, a distance of about eight feet, and was injured.

DE MANGE, GILLESPIE & DE MANGE, for plaintiff in error.

M. A. BRENNAN, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

ELEVATORS, § 29*—*when evidence sufficient to show that injuries are result of unavoidable accident.* In an action for personal injuries, resulting from a fall down an elevator shaft, evidence *held* to show that such injuries resulted from an unavoidable accident for which the defendant was not responsible.

---

Lorenzo Lamson, Warren A. Lamson and Leslie Gates, Partners, Appellees, v. Lawrence J. West, Appellant.

1. GAMING, § 9*—*when pretended purchase or sale of grain through broker is gambling transaction.* A pretended purchase or sale of grain made through a broker when neither the broker nor his client intends or expects that as between them the commodity will be delivered or received, but both of them do intend that the losses or profits on the transaction shall be determined by the difference between the market price of the same when the deal is

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,